UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Capt. EDWARD C. MULLEN, III | CIVIL ACTION |
| VERSUS | NO: 25-404 |
| KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, et al. | SECTION: T (3) |

## ORDER AND REASONS

Before the Court is Plaintiff's, Capt. Edward C. Mullen, III, motion for a preliminary injunction, R. Doc. 2, and Defendants', Kristi Noem, Secretary of the Department of Homeland Security, and Admiral Kevin E. Lunday, Commandant of the Coast Guard, ("the Federal Defendants") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), R. Doc. 15. For the following reasons, the motion to dismiss is **GRANTED**, the motion for a preliminary injunction is **DENIED AS MOOT**, and the Complaint is dismissed in full.

## BACKGROUND

1. **Factual Summary**[1]

In 2006, Plaintiff was convicted of Forcible Rape in violation of La. R.S. 14:42.1. R. Doc. 16-2. Eight years later, Plaintiff obtained a merchant mariner credential (MMC) from the Coast Guard. R. Doc. 16-1 at ¶ 13. Plaintiff renewed his MMC on August 18, 2022, and it is currently

---

[1] A Rule 12(b)(1) motion to dismiss is treated like motions to dismiss under Rule 12(b)(6) but allows the Court to consider a broader range of materials. *Thomas v. City of New Orleans*, 883 F. Supp. 2d 669, 676 (E.D. La. 2012) (citing *Williams v. Wynne*, 533 F.3d 360, 364–65 n. 2 (5th Cir. 2008)). The Court assumes Plaintiff's well-pleaded factual allegations in the Complaint as true. *Daniel v. Univ. of Texas Sw. Med. Ctr.*, 960 F.3d 253, 256 (5th Cir. 2020).

1

valid until 2027. *Id.*; *see also* 46 U.S.C. § 7106 (license is only valid for five years and may be renewed). A year later, Plaintiff applied for a raise of grade for his MMC. *Id.* at ¶ 14. The Coast Guard denied Plaintiff's application, request for reconsideration, and appeal to the Coast Guard Headquarters. *Id.* at ¶ 12. The Coast Guard notified him that 46 U.S.C. § 7511 required denial on account of his 2006 conviction for Forcible Rape, an applicable sexual offense under state law. *Id.*

During this time, the Coast Guard initiated Suspension & Revocation (S&R) proceedings to revoke Plaintiff's MMC. An S&R proceeding is a proceeding before an Administrative Law Judge ("ALJ") which reviews the suspension or revocation of a MMC, certificate of registry, or "document issued by the Coast Guard." 3 C.F.R. § 20.102. However, these proceedings have been stayed pending the resolution of the Federal Defendants' motion to dismiss. R. Doc. 16-3 at ¶ 3. Plaintiff retains his MMC in the meantime. R. Doc. 15-4 at p. 3.

### 2. **Procedural History**

The Coast Guard is responsible for issuing MMCs. 46 U.S.C. § 7101. It is "authorized by statute to issue merchant mariner licenses, certificates of registry, or merchant mariner documentation (depending on the specific job classification) to qualified individuals seeking to work aboard a United States merchant marine vessel." *See, e.g.*, *Seafarers Int'l Union of N. Am. v. Coast Guard*, 81 F.3d 179, 181 (D.C. Cir. 1996).

In 2022, Congress passed § 7511. It states that "[a] license, certificate of registry, or merchant mariner's document authorized to be issued under this part shall be denied to an individual who has been convicted of a sexual offense prohibited under . . . a substantially similar offense under State, local, or Tribal law." 45 U.S.C. § 7511(a)(2).

46 U.S.C. § 7704a concerns S&R proceedings for sexual assault violations. It states "[i]f it

is shown at a hearing under this chapter that a holder of a license, certificate of registry, or merchant mariner's document issued under this part, within 10 years before the beginning of the suspension and revocation proceedings, is the subject of an official finding of sexual assault, then the license, certificate of registry, or merchant mariner's document shall be revoked." *Id.* § 7704(b).

The Commandant of the Coast Guard's decision to affirm a license suspension or revocation is appealable to the National Transportation Safety Board at the Department of Transportation ("NTSB"). 49 U.S.C. § 1133(3); 49 C.F.R. § 825.5. The NTSB's decision is appealable in this case to the Fifth Circuit. *See* 49 U.S.C. § 1153(a). The same requirements apply for an original, renewal, duplicate, raise of grade, or a new endorsement on a previously issued credential. *See* 46 C.F.R. § 10.209(a). ("applicant for…raise of grade…must establish that they satisfy all the requirements for the MMC").

Plaintiff's *pro se* action challenges the application of § 7511 and § 7704a to his case. R. Doc. 1 at ¶¶ 68-81. He submits that the Coast Guard cannot initiate S&R proceedings because his offense was over 10 years old and that § 7511 does not allow for a retroactive application to initiate S&R proceedings under § 7704a. *Id.* at ¶ 48. Plaintiff claims the Federal Defendants' position in Policy Letter 03-23 informs their decision to revoke his MMC. *See, e.g.*, *id.* at ¶ 72. Plaintiff's six causes of action all emanate from the interplay of §§ 7511 and 7704a which could ultimately lead to the revocation of his MMC. *Id.* at ¶¶ 68-81. He moved for a preliminary injunction asserting that the Coast Guard's actions violate several constitutional provisions and the APA. R. Doc. 2. Soon after, the Federal Defendants filed this Rule 12(b)(1) motion. R. Doc. 15.

The Federal Defendants submit that "the Court lacks subject matter jurisdiction over the matter." R. Doc. 15; *see also* R. Doc. 16 at p. 1, 8 (arguing Plaintiff's preliminary injunction should

3

be dismissed in full for want of subject matter jurisdiction). They argue the Coast Guard provides for judicial review "but only in a court of appeals, and only after an appeal to the NTSB." R. Doc. 15-1 at p. 7 (quoting *Dresser v. Meba Medical & Benefits Plan*, 628 F.3d 705 (5th Cir. 2010)). Plaintiff argues he is entitled to immediate district court review under *Axon Enter., Inc. v. FTC*, 598 U.S. 175 (2023), because he asserts a structural constitutional challenge. R. Doc. 18.

## **LAW & ANALYSIS**

Federal courts are courts of limited jurisdiction and possess power over only those cases authorized by the United States Constitution and federal statutes. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). A party may raise the lack of subject matter jurisdiction at any time during the litigation in a motion to dismiss pursuant to Rule 12(b)(1). *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004); Fed. R. Civ. P. 12(b)(1). District courts also have an independent duty to ensure it has subject matter jurisdiction over the entire case. *Irving Cent. Place, LLC v. Fed. Ins. Co.*, No. 3:17-CV-1617-L, 2018 WL 993843, at *3 (N.D. Tex. Feb. 21, 2018) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on more documents than in a motion to dismiss under Rule 12(b)(6). *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) ("the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case'"). A court may find subject matter jurisdiction is lacking from "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction carries the burden of proving that the court has subject matter

jurisdiction. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). At this stage, he must do so through a "plausible set of facts . . .." *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012). If a plaintiff cannot invoke subject matter jurisdiction, the court should dismiss the action with prejudice. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209 (5th Cir. 2010).

The Court agrees with the Federal Defendants that the Court lacks subject matter jurisdiction. *Dresser* holds unambiguously that the Coast Guard's regulatory scheme limits judicial review of an S&R proceeding to the NTSB followed by a direct appeal to the Fifth Circuit. 628 F.3d at 709. There, the Fifth Circuit affirmed the district court's decision to dismiss an APA and constitutional challenge surrounding an S&R proceeding for lack of subject matter jurisdiction. *Id.* The court held the judicial review process is as follows: first, a S&R hearing before an ALJ governed by the APA, 46 U.S.C. § 7702(a), second, an appeal to the Coast Guard Commandant "to determine whether the ALJ committed error in the proceedings[,]" 33 C.F.R. § 20.1004(a), third, the NTSB "shall review on appeal . . . a decision of the head of the department in which the Coast Guard is operating on an appeal from[,]" 49 U.S.C. § 1133(3), and lastly, review by the "appropriate court of appeals of the United States," 49 U.S.C. § 1153(a). *Id.* at 709-10. The court noted this process is not optional but that "such regulations provide for an adequate remedy in a court for review[.]" *Id.* at 710-11. In short, Congress can limit district court jurisdiction. *Burgess v. Whang*, ⎯⎯ F.4th ⎯⎯, 2025 WL 2437490 at *3 (5th Cir. 2025) (citation omitted).

Plaintiff's reliance on *Axon* is misplaced. His traditional constitutional challenges to §§ 7511 and 7704a are substantive, not structural. In most cases, Congress can substitute district court jurisdiction for an alternative scheme of review. *Axon*, 598 U.S. 175 at 185. But for others they

5

cannot. Courts consider the three *Thunder Basin* factors: (1) whether precluding district court jurisdiction would "foreclose all meaningful judicial review" of the claim; (2) whether the claim is "wholly collateral to [the] statute's review provisions"; and (3) whether the claim lies "outside the agency's expertise." *Space Expl. Techs. Corp. v. NLRB*, ⎯⎯ F.4th ⎯⎯, 2025 WL 2396748 at *6 (5th Cir. 2025) (citing *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 211-12 (1994)). When each *Thunder Basin* factor is answered in the affirmative, Congress cannot strip the district court of jurisdiction. *Axon*, 598 U.S. 175 at 185. In these "structural" claims, plaintiffs challenge the "very existence of an agency" often alleging they are "subject[ed] to an illegitimate proceeding, led by an illegitimate decisionmaker." *Id.* at 189 (challenge to an ALJ's dual layer removal protection); *Space Expl. Techs. Corp.*, ⎯⎯ F.4th ⎯⎯, 2025 WL 2396748 (same). "[R]un-of-the-mill constitutional claims, like due process and equal protection . . ." are not structural. *Burgess*, ⎯⎯ F.4th ⎯⎯, 2025 WL 2437490 at *6 (citing *Bank of Louisiana v. FDIC*, 919 F.3d 916 (5th Cir. 2019)).

Plaintiff does not assert constitutional claims against the structure of the Coast Guard. Rather, he complains about the Federal Defendants' application of two federal statutes against him. *See* R. Doc. 1 at ¶¶ 68-81. The Coast Guard's statutory scheme authorizes ultimate review in a federal circuit court, 49 U.S.C. § 1153(a), and allows Plaintiff to raise his constitutional claims during the enforcement proceedings before an ALJ who can fully address such arguments. Plaintiff still gets meaningful judicial review. *See Bank of Louisiana*, 919 F.3d at 926 (5th Cir. 2019). And Plaintiff's claims are not wholly collateral because they "arise from actions [the Coast Guard will] take in the course of [the Coast Guard's enforcement] scheme[]"—whether to revoke Plaintiff's MMC and deny his raise of grade application. *Id.* (citation omitted).

6

Therefore, the Coast Guard's alternative review scheme is permissible. The Court lacks subject matter jurisdiction, and the Complaint and Amended Complaint must be dismissed with prejudice.[2]

Accordingly,

**IT IS ORDERED** that the Federal Defendants' Motion to Dismiss, R. Doc. 15, is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Preliminary Injunction, R. Doc. 2, is **DENIED AS MOOT**.

New Orleans, Louisiana, this 30th day of September 2025.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[2] Even if Plaintiff asserted independent constitutional challenges to the denial of his raise of grade application and the Court had jurisdiction over these claims, it would deny Plaintiff's request for a preliminary injunction. The Court finds no constitutional issue or APA issue with § 7511's application to his raise of grade application. Policy Letter 03-23 does not represent a legislative rule, but disclaims its capacity to "impose legally binding requirements on any party[,]" therefore, it does not require notice and comment under the APA. *Reid v. Mayorkas*, 759 F. Supp. 3d 15, 23-24 (D.D.C. 2024). "[T]here is no indication that Congress intended the five- and ten-year temporal limitations found in § 7704a to apply to § 7511, which is an entirely separate provision serving a distinct purpose" and "to the extent that this has some retroactive effect, the statute contains clear congressional intent favoring such a result." *Id.* Plaintiff also received a constitutionally sufficient proceeding because the Coast Guard (a) informed Plaintiff the reason for denial (b) permitted written responses and reconsideration and (c) allowed him to contest application of § 7511 to the conviction. *Id.* at 26 (denying a preliminary injunction for plaintiff's due process challenge to § 7511); R. Docs. 15-3, 15-4. And the volume of legislative history shows Congress intended § 7511 to protect merchant mariners from sexual harassment, not to punish offenders. *See* R. Doc. 16 at pp. 15-18. Indeed, Plaintiff does not contest his guilt or that the 2006 conviction is an applicable sexual offense under state law.